**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**
Tracy L. Klestadt
Kathleen M. Aiello
200 West 41st Street, 17th Floor
New York, NY 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

*Proposed Counsel Brooklyn Roasting Works LLC, et al., Debtors and Debtors in possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter 11
Brooklyn Roasting Works LLC, d/b/a                             :
Brooklyn Roasting Company,                                     :
                                                               :    Case No. 20-43683 (ESS)
                      Debtor.                        :
---------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter 11
BRC Powerplant LLC,                                            :
                                                               :    Case No. 20-43688 (ESS)
                      Debtor.                        :
---------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter 11
BRC Powerplant Building 123, LLC,                              :
                                                               :    Case No. 20-43690 (ESS)
                      Debtor.                        :
---------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter 11
BRC Powerplant 45 Washington LLC,                              :
                                                               :    Case No. 20-43694 (ESS)
                      Debtor.                        :
---------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter 11
Brooklyn Roasting Company Powerplant LLC,                      :
                                                               :    Case No. 20-43687 (ESS)
                      Debtor.                        :
---------------------------------------------------------------x

**DEBTORS' MOTION FOR AN ORDER, PURSUANT TO
FED. R. BANKR. P. 1015(b), AUTHORIZING AND DIRECTING THE JOINT
<u>ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES</u>**

**TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:**

Brooklyn Roasting Works LLC d/b/a Brooklyn Roasting Company, *et al*. (collectively, the "<u>Debtors</u>"), by and through their attorneys, Klestadt Winters Jureller Southard & Stevens, LLP, hereby file this motion (the "<u>Motion</u>") for entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), authorizing and directing, for procedural purposes only, the joint administration of the above-captioned cases filed under Subchapter V of chapter 11 (the "<u>Subchapter V Cases</u>"). In support of the Motion, the Debtors respectfully state as follows:

## **<u>JURISDICTION</u>**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested in this Motion is Rule 1015(b) of the Bankruptcy Rules.

3. The Debtors confirm their consent, pursuant to Rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4. On October 21, 2020 (the "Petition Date"), each of the above-captioned Debtors filed a voluntary petition (collectively, the "Petitions") for relief under subchapter V of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court"). The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Section 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in these cases.

5. Each of the Debtors is a corporation organized under the laws of the State of New York. Brooklyn Roasting Works LLC d/b/a Brooklyn Roasting Company ("BRC") is the parent company from which the company conducts the majority of its operations. The four other Debtors are subsidiaries of BRC and maintain leases for four of the Debtors' locations and advertising space. Each of the Debtors is presently being managed by Thomas Potter in his capacity as Manager of each of the Debtors. For more information supporting the Motion, the Court is respectfully referred to the *Declaration of Thomas Potter, pursuant to Rule 1007-4 of the Local Bankruptcy Rules for the Eastern District of New York* (the "Local Rules") (the "Potter Declaration"), the Debtors' Managing Member, which is being filed simultaneously herewith.

6. The Debtors collectively perform various services including, but not limited to, selling and producing coffee. The Debtors do not have any publicly held shares, debentures, or other securities. All of the Debtors' operations are performed at BRC, the parent company, and each of the subsidiaries maintains a leasehold interest for four different locations and premises.

7. BRC is a specialty coffee roaster, wholesaler, and retailer based in the Brooklyn Navy Yard. BRC sources, roasts and sells high quality Fair Trade, Rainforest Alliance, and Organic certified and sustainable coffees. The Debtors are collectively tenants under seven (7) different leases for nonresidential real property (collectively, the "Leases") from which they

operate their retail, wholesale and distribution businesses. BRC currently employs approximately fifteen (15) employees as of the Petition Date.

8. Prior to the Petition Date, the Debtors' business encountered a set of challenging circumstances. Starting the Debtors' failed attempt to sell the business in 2018, the Debtors' then-expanding business faced a decline in revenue and did not show any growth for the first year since it was founded in 2009; losses had reached the alarming level of $1.4 million; and cash reserves were nearly gone. By 2019, the Debtors' financial condition was distressed. To make matters worse, the Debtors' lender sought repayment of its $2.1 million loan and BRC had few options to enable its compliance.

9. Despite the challenging circumstances of 2018, 2019 proved to be a year of reasonable recovery for the Debtors though it financial condition remained fragile and tenuous. The Debtors' then-Managing Member satisfied the company's loan and BRC increased sales to record levels, enabling a modest profit and a reasonably stabilized cash position leading into 2020.

10. Nevertheless, even amidst new contracts and the preparation of an offering, the Debtors' recovery proved insurmountable when faced with the challenges presented by the COVID-19 pandemic. By mid- March 2020, with the spread of COVID-19 and the closing of all of its own cafés and loss of most of its customers, raising money became impossible. BRC's two primary channels of revenue, retail sales and wholesale business, dried up. Grocery stores, which had previously accounted for a small percentage of BRC's sales, were the lone surviving segment of the Debtors' business.

11. In the beginning of April 2020, BRC was forced to lay off the great majority of its staff, including nearly everyone in its cafés. For the next three months, BRC navigated a chaotic landscape of government-mandated commercial closings, consumer lock-downs, and fears about staff and customer safety.

12. The second quarter of 2020 proved disastrous, with losses totaling nearly $300,000. Those losses were temporarily mitigated by a Payroll Protection Program loan, which were vital to covering payroll and a limited portion of the Debtors' rent during May, June and July 2020. But by August 2020, as the PPP funds dwindled and sales remained severely depressed, BRC realized it no longer had a realistic possibility of paying its past-due rent or rent that would become due in the foreseeable future for any of its café locations. Despite good faith negotiations, none of BRC's major landlords to date have been willing to forego rent for closed locations, or to reduce rent enough to make continued operations viable.

13. The Debtors now file these Subchapter V Cases for Bankruptcy Court protection while it seeks to exit its leases and to shift focus to its wholesale business, which remains a viable and healthy business with an opportunity to grow over time. Its production facility, core management team, and good reputation in New York remain intact.

**RELIEF REQUESTED**

14. By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 1015(b), substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), authorizing and directing, for procedural purposes only, the joint administration of these Subchapter V Cases.

15. The Debtors also respectfully request that the Court maintain one file and one docket for all of the jointly administered Subchapter V Cases under the case number assigned to Brooklyn Roasting Works, LLC, *et al*. and that these Subchapter V Cases be jointly administered under the following consolidated caption:

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                              :     Chapter 11
                                                                          :
BROOKLYN ROASTING WORKS LLC, *et al*.,      :     Case No. 20-43683 (ESS)
                                                                          :
                                        Debtors[1].                :     (Jointly Administered)
---------------------------------------------------------------x

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Brooklyn Roasting Works, LLC, d/b/a Brooklyn Roasting company (7418), (ii) BRC Powerplant LLC (2286), (iii) BRC Powerplant Building 123, LLC (2469), (iv) BRC Powerplant Washington, LLC (9636), and (v) Brooklyn Roasting Company Powerplant LLC (6650).

16.    The Debtors further request the Court's direction that a notation substantially similar to the following language be entered on the docket maintain by the Clerk of the Court to reflect the joint administration of the Debtors' Subchapter V Cases.

> An Order has been entered in accordance with Rule 1015(b) of the Bankruptcy Rules directing the procedural consolidation and joint administration of the Subchapter V cases of Brooklyn Roasting Works, LLC d/b/a Brooklyn Roasting Company (Case No. 20-43683 (ESS)); BRC Powerplant LLC Case No. 20-43688 (ESS)); BRC Powerplant Building 123, LLC Case No. 20-43690 (ESS)); BRC Powerplant 45 Washington, LLC Case No. 20-20-43694 (ESS)); and Brooklyn Roasting Company Powerplant LLC Case No. 20-43687 (ESS)). The docket in Case No. 20-43683 (ESS) for Brooklyn Roasting Works LLC, *et al*. should be consulted for all matters affecting the case.

## BASIS FOR RELIEF REQUESTED

17.    On the date hereof, the Debtors commenced the above-captioned Subchapter V Cases by filing the appropriate petitions with this Court. As set forth in the Potter Declaration, there are five (5) Debtors and at least 15 potential creditors and other parties in interest in these Subchapter V Cases. Joint administration will allow for the efficient and convenient administration of the Debtors' interrelated Subchapter V Cases, will yield significant cost savings and will not prejudice the substantive rights of any party in interest.

18.     Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

19.     As a result of the common ownership of the Debtors, the Debtors are "affiliates" as that term is defined under Section 101(2) of the Bankruptcy Code. *See* 11 U.S.C. § 101(2). Because the Debtors are affiliates, this Court is authorized to grant the relief requested pursuant to Bankruptcy Rule 1015(b).

20.     The Debtors believe that joint administration of the Debtors' Subchapter V Cases is warranted because the financial affairs and business operations of the Debtors are closely related. Entry of an order directing joint administration of these cases will avoid duplicative notices, applications and orders, and will thereby save considerable time and expense for the Debtors and result in substantial savings to their estates.

21.     Furthermore, the rights of the respective creditors of the Debtors will not be adversely affected by joint administration of these cases because this Motion requests only administrative or procedural consolidation of the Subchapter V Cases. The Debtors are not at this time seeking substantive consolidation of their estates. Each creditor may still file a claim against a particular Debtor's estate. Thus, the rights of all creditors will be enhanced by the reduced costs resulting from joint administration. This Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these Subchapter V Cases by the Office of the United States Trustee and the Subchapter V Trustee will be simplified.

22.     Joint administration of interrelated chapter 11 cases is routinely approved by courts in this district under similar circumstances and is generally non-controversial. *See, e.g., In re NII Holdings, Inc.*, No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sep. 16, 2014); *In re Genco Shipping &*

*Trading Limited, et. al.*, No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 23, 2014); *In re Legend Parent, Inc.*, No. 14-10701 (REG) (Bankr. S.D.N.Y. Mar. 21, 2014); *In re Sbarro LLC*, No. 14-10577 (MG) (Bankr. S.D.N.Y. Mar. 12, 2014).

23. By reason of the foregoing, the interests of the Debtors, their creditors and equity security holders would be best served by joint administration of the above-captioned cases. Accordingly, the Debtors request that the caption of their cases be modified to reflect the joint administration of the Subchapter V Cases and enter a notation on the dockets of the each of the Debtors' cases as requested above.

## **NOTICE**

24. Notice of the hearing on this Motion and proposed order will be provided by email, facsimile or overnight delivery of a copy to: (a) the twenty (20) largest unsecured creditors of the Debtors; (b) all known creditors who have or assert liens against the Debtors' assets; (c) the United States Attorney's Office for the Eastern District of New York; (d) the Office of the United States Trustee for the Eastern District of New York; (e) Office of the Attorney General of the State of New York; (f) New York City Law Department, and (g) all parties filing a notice of appearance in these cases (the "Notice Parties").

25. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order in substantially the same form as that annexed hereto as Exhibit A: (a) authorizing the joint administration of these chapter 11 cases; and (b) granting such other relief as the Court deems just and proper.

Dated:  New York, New York
           October 21, 2020

                **KLESTADT WINTERS JURELLER
                SOUTHARD & STEVENS, LLP**

           By:  */s/ Tracy L. Klestadt*
                Tracy L. Klestadt
                Kathleen M. Aiello
                200 West 41st St., 17th Fl.
                New York, New York 10036
                Tel: (212) 972-3000
                Fax: (212) 972-2245
                Email: tklestadt@klestadt.com
                           kaiello@klestadt.com

                *Proposed Counsel to the Debtors and Debtors in possession*